# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE VAL-ELIZ CHILDREN'S TRUST, | § | CASE NO. 22-30074-HCM |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

## NOTICE OF SUBPOENA DUCES TECUM
## TO KCMR HOLDINGS, LLC

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that VAL-ELIZ CHILDREN'S TRUST, Debtor in the above-styled and -numbered cause of action (hereinafter referred to as "Debtor"), by and through the undersigned attorney of record, intend to serve a subpoena, compelling KCMR HOLDINGS, LLC to produce documents at the below address of The Nevarez Law Firm, PC, no later than Tuesday, March 8, 2022, 5:00 PM MST, in accordance with the attached subpoena duces tecum, and the exhibits attached thereto.

March 3, 2022

Respectfully submitted,

The Nevarez Law Firm, PC
7362 Remcon Circle
El Paso, Texas 79912
Telephone: (915) 225-2255
Facsimiles: (915) 845-3405
Email: MNevarez@LawOfficesMRN.com

/s/ Michael R. Nevarez
By: **MICHAEL R. NEVAREZ**
State of Texas Bar No. 14933400

Attorney for Debtor

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **NOTICE OF SUBPOENA DUCES TECUM TO KCMR HOLDINGS, LLC** was served either by electronic means as listed on the Court's CM/ECF filing and noticing system, and/or by regular first-class mail, postage prepaid, to all creditors listed on the Debtor's creditor's matrix on file with the Clerk of this Court, a copy of which is attached hereto, including the following parties in interest, on or before March 3, 2022:

**COUNSEL FOR KCMR HOLDINGS, LLC:**
James W. Brewer
Kemp Smith LLP
P.O. Drawer 2800
El Paso, TX 79999-2800
Email: jim.brewer@kempsmith.com

**OFFICE OF THE U.S. TRUSTEE:**
Mr. James Rose
615 E. Houston Street, Suite 533
San Antonio, TX 78205
Email: James.Rose@usdoj.gov

**DEBTOR-IN-POSSESSION:**
VAL-ELIZ CHILDREN'S TRUST
5700 Flager St.
El Paso, TX 79938

**TOP 20 UNSECURED
ALL SECURED CREDITORS**

/s/ Michael R. Nevarez
**MICHAEL R. NEVAREZ**

Alamo Home Finance, Inc.
6840 San Pedro Avenue, Suite 201
San Antonio, TX 78216

Don W. Minton
Minton Law Firm PC
908 La Cabana Place
El Paso, TX 79912

Internal Revenue Service
Department of Treasury
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
P.O. Box 7317
Philadelphia, PA 19101-7317

James W. Brewer
Kemp Smith LLP
P.O. Drawer 2800
El Paso, TX 79999-2800

Jeff Rago, Attorney at Law
813 Myrtle Ave.
El Paso, TX 79901

Joseph Feldman, CPA
7400 Viscount Blvd.
El Paso, TX 79925

KCMR Holdings, LLC
Robert Rayon, Manager

11331 James Watt Drive, #150
El Paso, TX 79936


KCMR Holdings, LLC
Robert Rayon, Manager
9645 Daugherty Drive
El Paso, TX 79925


MJ Real Properties, Inc.
c/o Clyde A. Pine, Jr.
P.O. Drawer 1977
El Paso, TX 79950-1977


Nassim H. Salloum
The Law Offices of Michael J. Zimprich
7001 Westwind, Suite 205
El Paso, TX 79912


Ovation Financial Services
805 Las Simas Pkwy, Ste. 230
Austin, TX 78746


Richard A. Roman, Esq.
1018 Brown Street
El Paso, TX 79902


William A. Elias
1100 Montana Avenue
El Paso, TX 79902

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Western _____ District of _____ Texas _____

In re VAL-ELIZ CHILDREN'S TRUST
              Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __22-30074__

Chapter __11__

_____
           Plaintiff
           v.

Adv. Proc. No. _____

_____
           Defendant

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: KCMR Holdings, LLC, 9645 Daugherty Dr., El Paso, Texas 79925 (c/o Managing Member, Mr. Robert Rayon)
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE ATTACHED EXHIBIT A AND B**

| PLACE | DATE AND TIME |
|---|---|
| 7362 Remcon Circle, El Paso, Texas 79912 | Tuesday, March 8, 2022 by 5:00 p.m. (MT) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __March 3, 2022__

        CLERK OF COURT

                                              OR    *Michael R. Nevarez*

_____                   _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* VAL-ELIZ CHILDREN'S TRUST , who issues or requests this subpoena, are:
Michael R. Nevarez, The Nevarez Law Firm, PC, P.O. Box 12247, El Paso, TX 79912, (915) 225-2255, MNevarez@LawOfficesMRN.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT A OF SUBPOENA
## Documents To Be Produced, Instructions, And Definitions

**A.  DOCUMENTS TO BE PRODUCED:**

    1.  Produce copies of all documents in your possession, custody, or control, (a) relating to KCMR Holdings, LLC's purchase of the property located at 5700 Flager Street, El Paso, TX 79938, and (b) supporting each amount listed in KCMR Holdings, LLC's Expense Log (See Attached Exhibit B).

**B.  INSTRUCTIONS:**

    1.  The production will continue from day to day until completed.

    2.  If the location of production is inconvenient, or beyond 100 miles of your location, you may comply with the production by delivering the documents via email, overnight mail, regular mail, or some other available means.  Alternatively, if the location of production is inconvenient, or beyond 100 miles of your location, you may let us know if you would prefer we send a courier to pick up the documents to be produced.

    3.  The date of the production may be rescheduled to a mutually agreeable time, upon timely prior written request to the Issuing Officer at The Nevarez Law Firm, PC.  If the location for production of documents is inconvenient or impractical, the location may be changed to a mutually agreeable location, upon timely prior written request to the Issuing Officer at The Nevarez Law Firm, PC.

    4.  If you desire to avoid the cost of copying the original documents yourself, you may send or bring the original documents to the location listed on the subpoena, on or before the date of production, and we will copy the original documents and return them to you after we are finished copying the originals.

    5.  As an alternative to appearing on the date of production listed on the Subpoena, you may complete the attached Affidavit of Custodian of Records, have it notarized, and send the original Affidavit to the Issuing Officer at The Nevarez Law Firm, PC, along with copies of the requested documents.  If after a diligent search, you are unable to locate any documents responsive to the above request, indicate same on the attached Affidavit of Custodian of Records, have it notarized, and send the original Affidavit to the Issuing Officer at The Nevarez Law Firm, PC.

    6.  If any document or response to this Request is withheld or objected to under a claim of attorney-client privilege, under a qualified privilege or for any other reason, you are instructed to identify each such document, as follows: (a) the date of the document; (b) the author and addressee(s); (c) all persons indicated as recipients of copies; (d) all persons known to you to have received the document and/or information or to have learned the substance of its contents; (e) the subject matter of the document and/or response; and (f) the specific privilege or objection alleged to be applicable or other reason for its being withheld or not answered.

      7.     If you or any of your attorneys, agents, or representatives had, at any time, possession or control of a document requested and such document has been lost, destroyed, purged, or is not presently in your possession, custody, or control, identify such document and describe the circumstances surrounding the loss, destruction, purge, or separation from your possession, custody, or control, indicating the dates that such circumstances occurred.

      8.     If you allege that any Request contained herein is, in any manner, ambiguous, you are instructed to describe in detail the reasons for your allegations that the request is ambiguous including, but not limited to, each interpretation which you allege the specific request for discovery is subject to. Notwithstanding, you are instructed to respond, to the best of your ability, to the request for production and produce the documents requested.

      9.     If you object to any of the Requests contained herein, you are instructed to identify, with specificity, the specific procedural rule(s) or substantive laws(s) upon which you base your objection.

      10.     When producing documents responsive to this Request, you shall segregate the documents and affix a label to the document identifying the paragraph of this Request to which it is responsive.

**C.     DEFINITIONS:**

      1.     The terms "you" or "your" or "KCMR" or "KCMR Holdings" as used herein refers to **KCMR HOLDINGS, LLC**, your accountants, bookkeepers, agents, employees, and/or representatives.

      2.     "Document" or "documents" as the term(s) are used in the Subpoena to which this Exhibit is attached to, means all written, typed, or printed matters, and all magnetic, electronic, or other records or documentation of any kind, source, authorship or description, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action, known by you to exist, both originals and all non-identical copies thereof, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term(s) shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems, whether in paper or electronically stored form (including but not limited to pdf, bmp, wmf, emf, jpg, jpeg, jpe, jfif, png, gif, rle, dib, tga, tif, tiff, psd, fax, eps, icb, win, vst, vda, pcx, pcc, rpf, rla, sgi, rgba, rgb, bw, pdd, ppm, pgm, pbm, cel, pic, pcd, cut, pal, psp, jp2, jpc, pnm, ras, mis, ani, cur). For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills of lading, delivery confirmations, delivery orders, shipping orders, and other records of delivery and acceptance and/or delivery and rejection of goods and materials; bills, invoices, statements,

journals, balance sheets, profit and loss statements, and other sources of financial data, including accounts payable and receivable, and other records of income and assets, and other records of obligations and expenditures; books; brochures; bulletins; calendars; checks, bounced checks, canceled checks, returned checks, vouchers, receipts, bank statements, and other records of summarizing and/or reflecting payments and deposits in bank accounts; architectural and engineering plans, specifications, blueprints, charts, drawings; schedules, charts, plots, surveys, technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, material brochures, catalogues; inspection sheets, rejections, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; loan applications, deeds of trust; deposit slips; diaries or drafts; files; guaranty agreements; loan modifications; mortgages; riders; title commitments; title insurance; correspondence, request for title insurance, real estate sales contract, title search, title commitment, closing instructions, closing documents, warranty deeds, deeds of trust, notes, releases, surveys, inspection reports, insurance binders, certified documents, checks written and receipted, incoming and outgoing wires, disbursement sheets, ledger sheets, owner's title insurance policy, mortgagee's title insurance policy, letters, emails, faxes, and any invoices for all accounts involving said transactions; security agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; statements or interviews; stock transfer ledgers, assumed name certificates, partnership agreements, member agreements, member certificates, corporate bylaws, corporate charters, stock transfer ledgers, minutes, minute books, and all other documents that relate to the formation, governance and/or termination of business activities; transcripts of testimony; DCC instruments; Federal and state income tax returns, schedules and work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3. The phrase "relate to", "relating to", and "concerning" shall mean to name, to refer to either directly or indirectly, to comment upon, to analyze, review, report on, form the basis of, be considered in the preparation of, result from, or to have any logical relation or relevance to the entity, person, document, event, or action pertaining to the subject matter upon which inquiry is made.

**The Nevarez Law Firm, PC**
7362 Remcon Circle
El Paso, Texas 79912
Telephone: (915) 225-2255
Facsimiles: (915) 845-3405

EXHIBIT B OF SUBPOENA

| Date | Event | Cost | |
|---|---|---|---|
| 11/2/21 | Purchase of Property | $ | 85,000.00 |
| 11/17/21 | Recording of Property | $ | 39.95 |
| 11/28/21 | Certified Mail | $ | 4.33 |
| 1/12/22 | Taxes Paid | $ | 24,697.92 |
| 1/13/22 | The Law Offices of Michael J Zimprich | $ | 1,500.00 |
| | Interst on Purchase 661.86 /month (4) | $ | 2,647.44 |
| | Gas | $ | 104.00 |
| | Total | $ | 113,993.64 |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE VAL-ELIZ CHILDREN'S TRUST, | § | CASE NO. 22-30074-HCM |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**AFFIDAVIT OF CUSTODIAN OF RECORDS
(KCMR HOLDINGS, LLC)**

| | | |
|---|---|---|
| **STATE OF** _____ | § | |
| | § | |
| **COUNTY OF** _____ | § | |

Before me, the undersigned authority, personally appeared _____, having been duly sworn, and states upon oath as follows:

"My name is _____. I am over 18 years of age, competent to make this affidavit, and personally acquainted with the facts herein stated: I am the Custodian of Records for **KCMR HOLDINGS, LLC**.

I have made a diligent search of all paper and electronic documents and have determined:

\_\_\_\_ I was unable to locate any documents responsive to the subpoena; or,

\_\_\_\_ Attached hereto is a true and correct copy of _____(_____) pages of records. The records are kept by **KCMR HOLDINGS, LLC** in the regular course of business, and it was in the regular course of business of **KCMR HOLDINGS, LLC** for an employee or representative with personal knowledge of the act, event, or condition recorded to make the attached records, or to transmit information thereof to be included in such records. The records were made at or near the time of the act, event, or condition recorded or reasonably soon thereafter.

The records attached hereto are exact duplicates of the originals, and it is a rule of **KCMR HOLDINGS, LLC** to not permit originals to leave its possession.

Further, Affiant sayeth naught."

_____

**CUSTODIAN OF RECORDS**
**KCMR HOLDINGS, LLC**

**By:** _____

**Title:** _____

SUBSCRIBED AND SIGNED under oath before me, an officer authorized to administer oaths, on this the _____ of _____, 20\_\_\_\_.

(SEAL)

_____
Notary Public, State of _____

Name: _____

My Commission Expires:

_____