**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE VAL-ELIZ CHILDREN'S TRUST, | § | CASE NO. 22-30074-hcm |
| | § | |
| Debtor. | § | CHAPTER 11 |

**DEBTOR'S RESPONSE TO MJ REAL PROPERTIES, INC.'S MOTION FOR RELIEF FROM STAY TO CONTINUE EVICTION PROCEEDINGS AND WAIVER OF THIRTY-DAY REQUIREMENT**

**TO THE HONORABLE BANKRUPTCY JUDGE H. CHRISTOPHER MOTT:**

**COMES NOW** THE VAL-ELIZ CHILDREN'S TRUST, Debtor in the above-styled and -numbered cause of action (hereinafter referred to as "Debtor" and/or "TRUST"), by and through the undersigned counsel, and hereby files this "Debtor's Response To MJ Real Properties, Inc.'s Motion For Relief From Stay To Continue Eviction Proceedings And Waiver Of Thirty-Day Requirement" ("Response"), in opposition to the "MJ Real Properties, Inc.'s Motion For Relief From Stay To Continue Eviction Proceedings And Waiver Of Thirty-Day Requirement" (DOC# 25) ("Motion"), filed by MJ Real Properties, Inc. ("MJRP"), and in support of this Response respectfully shows the Court as follows:

**I.     INTRODUCTION.**

This is Debtor's Response in opposition to MJRP's Motion seeking to terminate the automatic stay to pursue the eviction action in the Justice of the Peace Court of El Paso County, Texas, Precinct Number Four, Cause Number 421-00317-FED ("FED Cause") to conclusion for the eviction of the Debtor and all occupants, regarding the real property commonly known as 13441 Montana Ave., El Paso, TX 79938 and 13451 Montana Ave., El Paso, TX 79938 (hereinafter referred to as the "Properties"). (DOC#25).

## II. FACTUAL AND PROCEDURAL BACKGROUND.

1. The Debtor admits the allegations and contentions contained in Paragraph Nos. 1-5 of the Motion.

2. The Debtor neither admits nor denies the allegations and contentions contained in Paragraph Nos. 6-28 of the Motion, as same constitutes irrelevant facts, contentions, opinions, and legal arguments, and therefore require no response, except that Debtor further avers that:

   a. Debtor was never duly served with citation in said Cause No. 2020DCV2230 in the 120th District Court of El Paso County, Texas (the "Title Lawsuit"), and therefore never participated or entered an appearance in said Title Lawsuit;

   b. Debtor was severed from the Title Lawsuit, as a result of a motion to sever filed by MJRP; and,

   c. Debtor therefore has and retains a legal and/or equitable interest in both the "13441 Property" and the "13451 Property" (jointly the "Properties").

3. The Debtor neither admits nor denies the allegations and contentions contained in Paragraph No. 29 of the Motion, as said paragraph inaccurately represents and/or conceals certain facts, and therefore Debtor further avers that:

   a. Said April 23, 2021 "Title Judgment" was not issued against the Debtor, but was issued against El Paso Memorials, Inc. ("EPM"), who did not have any legal or equitable rights to the Properties during the Title Lawsuit;

   b. Although said Title Judgment found that MJRP was the owner of the Properties, said Title Judgment did not decide the question of title as concerns the Debtor;

   c. Although said Title Judgment found that the foreclosure sale vested title to the Properties in MJRP, and that title to the Properties was quieted in MJRP against all claims and demands of EPM, said Title Judgment did not adjudicate the title claims and/or rights of the severed Debtor herein;

   d. The Properties were purportedly sold at the foreclosure sale to MJRP for the amount of **$375,000.00**, which results in a deficiency claim by MJRP,

Debtor's Response To MJ Real Properties, Inc.'s Motion For Relief From Stay To Continue Eviction
Proceedings And Waiver Of Thirty-Day Requirement
*In Re: The Val-Eliz Children's Trust, Debtor-in-Possession*
USBC-WDTX Case No. 22-30074-HCM, Chapter 11                                                                 Page 2 of 7

    at most, of purportedly of **$251,064.04**, as of March 7, 2022, according to MJRP. (See attached Exhibit A, Pages 1-3, and 58);

 e. However, as of January 14, 2022, the 13451 Property was valued in the amount of approximately **$1,000,000.00**, while the 13441 Property was valued in the amount of approximately **$229,000.00**, for a total value of the Properties of **$1,229,000.00**. (See attached Exhibits B and C, Pages 7); and,

 f. Therefore, Debtor has and retains a legal and/or equitable interest in the asset value of the Properties of approximately **$977,935.96** (**$1,229,000.00** approximate value less MJRP deficiency claim of **$251,064.04**).

4. The Debtor neither admits nor denies the allegations and contentions contained in Paragraph Nos. 30-35 of the Motion, as said paragraph inaccurately represents and/or conceals certain facts, and therefore Debtor further avers that:

 a. Pursuant to a business lease with the Debtor, ELM is partly in possession, custody and control of the Properties, by and through ELM's shareholder, Mr. Valor Blazer, the Debtor's Trustor, as ELM maintains and utilizes equipment and office space in said Properties, during its operations in the manufacturing of cemetery memorials;

 b. Pursuant to a business lease with the Debtor, Trust, XL Mfg, Inc. ("XLM") is also partly in possession, custody and control of the Properties, by and through XLM's General Manager, Mr. Valor Blazer, as ELM maintains and utilizes equipment and office space in said Properties, during its operations in the manufacturing of automotive parts;[1]

 c. Attorney Richard Roman (and NOT the undersigned) represented the Debtor herein in the Second Eviction Lawsuit, although Mr. Roman withdrew the day of the November 23, 2021 bench trial;[2]

 d. Debtor has never contended that the Debtor "never had title to any of the Properties" as alleged;

---

[1] Contrary to the Motion, the Debtor Trust is a "business trust" created for purpose of operating a business for profit, and therefore actively conducts business, deriving income from business leases, and the appreciation of the 13441 Property and the 13451 Property assets, for the benefit of the beneficiaries, who are the children of the Trustors, Mr. and Mrs. Blazer.

[2] The Debtor Trust was also never served by MJRP in the Second Eviction Lawsuit, and therefore never participated or entered an appearance in said Second Eviction Lawsuit, and the undersigned's request to intervene on behalf of the Trust was denied.

Debtor's Response To MJ Real Properties, Inc.'s Motion For Relief From Stay To Continue Eviction
Proceedings And Waiver Of Thirty-Day Requirement
*In Re: The Val-Eliz Children's Trust, Debtor-in-Possession*
USBC-WDTX Case No. 22-30074-HCM, Chapter 11 Page 3 of 7

  e. Instead, after the undersigned entered an appearance and Mr. Roman withdrew from the case during the Second Eviction Lawsuit, Debtor asserted and maintained that the afore-mentioned Title Judgment relied on by MJRP did not adjudicate the title claims and/or rights of the severed Debtor herein, but only adjudicated the non-existent rights of EPM (See attached Exhibit D);

  f. The November 23, 2021 bench trial in the "Second Eviction Lawsuit" was postponed, not because the undersigned "requested a postponement in order to review additional matters" as alleged, but because the undersigned informed the Court that the Title Judgment relied on by MJRP did not adjudicate the title claims and/or the rights of the severed Debtor herein, but only adjudicated the non-existent rights of EPM;

  g. The Justice of the Peace in the Second Eviction Lawsuit nonetheless issued the Eviction Judgment and a Writ of Possession, and entered an order striking the proposed intervention of Mr. Val Blazer; and,

  h. To protect the Debtor's legal and/or equitable interest in the Properties, the Debtor filed its Chapter 11 Petition herein for protection under the Bankruptcy Code.

5. The Debtor neither admits nor denies the allegations and contentions contained in Paragraph Nos. 36-37 of the Motion, as said paragraph inaccurately represents and/or conceals certain facts, and therefore Debtor further avers that at the 341 Meeting of Creditors:

  a. The undersigned stated at the outset that the Debtor's co-trustor, Ms. Elizabeth Valor, was in charge of the Debtor's bookkeeping, yet most of the questions relating to "the income, expenses, assets, liabilities, financial history, etc. of the Debtor" were instead directed to Mr. Valor; and,

  b. The undersigned made clear that the December Trust and the February Trust were considered to be one and the same, notwithstanding MJRP's confusion.

6. The Debtor neither admits nor denies the allegations and contentions contained in Paragraph No. 38 of the Motion, as said paragraph inaccurately represents and/or conceals certain facts, and therefore Debtor further avers that:

  a. Mr. Valor has never been convicted of any "crimes for theft relating to

Debtor's Response To MJ Real Properties, Inc.'s Motion For Relief From Stay To Continue Eviction
Proceedings And Waiver Of Thirty-Day Requirement
*In Re: The Val-Eliz Children's Trust, Debtor-in-Possession*
USBC-WDTX Case No. 22-30074-HCM, Chapter 11 Page 4 of 7

      deceptive trade practices", as insinuated in the Motion;

   b. Mr. Valor has also never lost any civil lawsuits involving breach of contract, fraud, or DTPA matters, as also insinuated in the Motion, and,

   c. MJRP's counsel nonetheless raised the same smear tactics during the Second Eviction Lawsuit, and the 341 Meeting of Creditors, as he has in subject Motion.

  7. The Debtor neither admits nor denies the allegations and contentions contained in Paragraph Nos. 39-50 of the Motion, as same constitutes irrelevant facts, contentions, opinions, and legal arguments, and therefore require no response. To the extent that Paragraph Nos. 39-50 of the Motion requires a response, Debtor neither admits nor denies the allegations and contentions contained in said paragraphs, as they inaccurately represent and/or conceal pertinent facts.

### III. ARGUMENT AND AUTHORITIES.

  8. As noted above, although the Title Judgment relied on by MJRP erroneously found that MJRP was the owner of the Properties, said Title Judgment did not decide the question of title as concerns the Debtor herein, since the Debtor Trust herein was never duly served with citation in said Title Lawsuit, and therefore never participated or entered an appearance in said Title Lawsuit. (See attached Exhibit E).

  9. Instead, MJRP chose to sever the Title Lawsuit to remove the Debtor Trust herein, thereby acquiring subject Title Judgment without the participation or involvement of the Debtor Trust, even though the Debtor Trust herein was the legal and equitable owner and title holder of the Properties in question, which MJRP well knew.

  10. As also noted above, Debtor has a legal and/or equitable interest in the asset value of the Properties of approximately **$977,935.96** (**$1,229,000.00** approximate value less MJRP

Debtor's Response To MJ Real Properties, Inc.'s Motion For Relief From Stay To Continue Eviction
Proceedings And Waiver Of Thirty-Day Requirement
*In Re: The Val-Eliz Children's Trust, Debtor-in-Possession*
USBC-WDTX Case No. 22-30074-HCM, Chapter 11 Page 5 of 7

deficiency claim of **$251,064.04**). Debtor submits that protection of said business assets value herein is necessary to the successful reorganization of the Debtor.

11. On the other hand, granting subject Motion herein would remove the protections afforded the Debtor under the Bankruptcy Code, jeopardize the recovery of the Debtor's business asset value, and thereby violate the substantive and procedural rights afforded the Debtor under the laws and constitutions of the State of Texas, and the United States of America.

12. Accordingly, "Cause" DOES NOT exist under Section 362(d) for granting MJRP relief from the automatic stay.

13. The Court should deny and dismiss the Motion filed by MJRP, and allow the Properties to appropriately remain part of the Debtor's bankruptcy Estate.

## IV. PRAYER.

**WHEREFORE, ALL PREMISES CONSIDERED**, and in view of the foregoing, Debtor prays the Court deny and dismiss the Motion filed by MJRP, and for such other and further relief to which Debtor may be justly entitled.

March 9, 2022

Respectfully submitted,

**THE NEVAREZ LAW FIRM, PC**
A Professional Corporation
7362 Remcon Circle
El Paso, Texas 79912
Telephone: (915) 225-2255
Facsimiles: (915) 845-3405
Email: MNevarez@LawOfficesMRN.com

/s/ Michael R. Nevarez
**MICHAEL R. NEVAREZ**
State Bar No. 14933400

Attorney for Debtor-In-Possession
The Val-Eliz Children's Trust

Debtor's Response To MJ Real Properties, Inc.'s Motion For Relief From Stay To Continue Eviction Proceedings And Waiver Of Thirty-Day Requirement
*In Re: The Val-Eliz Children's Trust, Debtor-in-Possession*
USBC-WDTX Case No. 22-30074-HCM, Chapter 11         Page 6 of 7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEBTOR'S RESPONSE TO MJ REAL PROPERTIES, INC.'S MOTION FOR RELIEF FROM STAY TO CONTINUE EVICTION PROCEEDINGS AND WAIVER OF THIRTY-DAY REQUIREMENT** with all supporting attachments, exhibits, and affidavits referenced therein, if any, was served either by regular first-class mail, postage prepaid, and/or by eFiling via an Electronic Filing Service Provider, and/or via facsimile, to the following parties in interest, on this March 9, 2022:

**COUNSEL FOR CREDITOR:**
Clyde A. Pine, Jr.
P.O. Drawer 1977
El Paso, TX 79950-1977
Email: Pine@mgmsg.com

**OFFICE OF THE U.S. TRUSTEE:**
Mr. James Rose
615 E. Houston Street, Suite 533
San Antonio, TX 78205
Email: James.Rose@usdoj.gov

**DEBTOR-IN-POSSESSION:**
The Val-Eliz Children's Trust
5700 Flager Street
El Paso, TX 79938

**TOP 20 UNSECURED CREDITORS**
**ALL SECURED CREDITORS**

        /s/ Michael R. Nevarez
    **MICHAEL R. NEVAREZ**

Debtor's Response To MJ Real Properties, Inc.'s Motion For Relief From Stay To Continue Eviction Proceedings And Waiver Of Thirty-Day Requirement
*In Re: The Val-Eliz Children's Trust, Debtor-in-Possession*
USBC-WDTX Case No. 22-30074-HCM, Chapter 11                    Page 7 of 7